This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 34,294**

**THERESA S. BLAIR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Matthew J. O'Gorman, Assistant Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant Theresa Blair appeals her conviction for concealing her identity in violation of NMSA 1978, Section 30-22-3 (1963). Defendant makes four arguments on appeal: (1) there was insufficient evidence of her guilt because her refusal to tell the investigating officer her name occurred only after she was informed of her right to remain silent per *Miranda v. Arizona*, 384 U.S. 436 (1966), and because a post-*Miranda* refusal to provide one's name is not "concealing" under Section 30-22-3; (2) there was insufficient evidence of her specific intent to hinder, intimidate, or interrupt the performance of a public officer's duty as required by Section 30-22-3; (3) there was insufficient evidence of inconvenience or expense to the State as required by Section 30-22-3; and (4) the prosecution's decision to present evidence of Defendant's invocation of the right against self-incrimination was plain and/or fundamental error. Because we agree that there was insufficient evidence of Defendant's specific intent to hinder, intimidate, or interrupt the performance of a public officer's duty, we reverse.

**BACKGROUND**

{2} In the early morning hours of May 31, 2014, Sammy Chioda, a business owner in Gallup, observed a person spray-painting the wall of the building across from his business, Sammy C's. Chioda rattled the door twice to scare the person, and the person ran around the side of the building. Chioda called 911, locked the front door

of his business, got in his car, and drove to the back of the building. In the parking lot behind Sammy C's, Chioda observed three people, including one individual who was sitting in the driver's seat of a parked car. Officer Andrew Jorgenson, who was on patrol in the area, saw Chioda, who waved the officer down and directed him to the parking lot behind Sammy C's.

{3} Officer Jorgenson observed a green Subaru in the parking lot with three females—Defendant was sitting in the driver's seat. Officer Jorgenson approached the vehicle and initially made contact with Dana Eldridge who was sitting in the front passenger seat. Eldridge got out of the car, asserted that the officer had no reason to detain them, and asked the officer to read the women their *Miranda* rights. Officer Jorgenson complied. Officer Jorgenson then instructed the women to stay in their car and informed them that they would be arrested for obstruction if they exited the car.

{4} After making initial contact with the women, Officer Jorgenson requested an additional officer to provide assistance, and Officer Christian Roman arrived on scene. Officer Jorgenson asked Officer Roman to watch the car and instructed him not to let the women out of the car while he questioned Chioda.

{5} When Officer Jorgenson returned to the Subaru, he asked Defendant to step out of the vehicle. This was the first time Officer Jorgenson spoke directly to Defendant. Defendant complied with Officer Jorgenson's instructions, and the officer and

Defendant walked toward the front of his police unit; Defendant asked about her right to remain silent; the officer advised Defendant that she did have a right to remain silent; and Defendant replied, "I like those rights. They make me feel safe." All three women were ultimately arrested for criminal damage to property, unauthorized graffiti, concealing identity, and resisting, evading, or obstructing an officer.

{6}    After a trial in magistrate court, Defendant was convicted of unauthorized graffiti under NMSA 1978, Section 30-15-1.1(B) (1995), and concealing her identity under Section 30-22-3. She appealed her convictions to the district court. During Defendant's district court trial, Officer Jorgenson testified that he asked Defendant for her identification after she was put in Officer Roman's vehicle and that Defendant did not provide her identification. He did not ask for her identification before she was placed in the back of Officer Roman's vehicle.[1] However, Officer Jorgenson also testified that, per New Mexico State Police policy, he conducted an inventory of the vehicle prior to the vehicle being towed, and during the inventory, he found Defendant's driver's license in the center console area. Officer Jorgenson testified that he believed Defendant was concealing her identity because Defendant failed to give him her name when asked, after she was placed into Officer Roman's vehicle. He

[1] This testimony was somewhat inconsistent with Officer Roman's account. Officer Roman testified that Officer Jorgenson tried to ascertain Defendant's identity "a couple" of times and that Defendant stated that "it was none of his business."

4

admitted that Defendant never gave a false name or attempted to disguise herself. Officer Roman also testified that Defendant provided identifying information once she was taken to the police station. Following a de novo bench trial in district court, Defendant was convicted of concealing her identity, and this appeal followed.

{7} The primary, reoccurring argument throughout Defendant's briefs is that it would be unfair and a violation of due process to use Defendant's post-*Miranda* silence as the basis for her concealing identity conviction. We need not address Defendant's constitutional and equitable arguments, however, because there was insufficient evidence presented at trial to establish Defendant's specific intent to intimidate, hinder, or interrupt the officers' investigation. *See* § 30-22-3.

**DISCUSSION**

{8} To the extent this Opinion requires this Court to construe Section 30-22-3, we review the matter de novo. *State v. Dawson*, 1999-NMCA-072, ¶ 8, 127 N.M. 472, 983 P.2d 421 ("The interpretation of a statute is a matter of law, which we review de novo."). As to Defendant's argument that there was insufficient evidence of her specific intent to intimidate, hinder, or interrupt the investigating officers under Section 30-22-3, "we review the evidence to determine whether a rational fact[-]finder could have been convinced beyond a reasonable doubt that the evidence established the elements of the offense." *Dawson*, 1999-NMCA-072, ¶ 13. We review the

evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (internal quotation marks and citation omitted).

{9}     Section 30-22-3 states:

> Concealing identity consists of concealing one's true name or identity, or disguising oneself with intent to obstruct the due execution of the law or with intent to intimidate, hinder[,] or interrupt any public officer or any other person in a legal performance of his duty or the exercise of his rights under the laws of the United States or of this state.

> Whoever commits concealing identity is guilty of a petty misdemeanor.

Defendant argues and the State does not dispute that, in order to convict a defendant of concealing identity, there must be evidence of a specific intent to intimidate, hinder, or interrupt an officer in the performance of his duties. This element must be proved beyond a reasonable doubt to sustain Defendant's conviction. *See Garcia*, 2011-NMSC-003, ¶ 5 (holding that there must be substantial evidence "to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction" (internal quotation marks and citation omitted)).

{10}     The notion that specific intent is required under Section 30-22-3 has been looked upon favorably by this Court in *Dawson*, 1999-NMCA-072, ¶ 15. In *Dawson*, the defendant appealed his conviction for concealing identity contrary to Section 30-

6

22-3. *Dawson*, 1999-NMCA-072, ¶ 1. The defendant was convicted after the prosecution presented evidence that he failed to initially identify himself to officers when the officers suspected that the defendant was trespassing on university property. *Id.* ¶¶ 2-5. On appeal, the defendant argued that the prosecution failed to prove that he "acted with the intent required by the statute[.]" *Id.* ¶ 13. In evaluating that argument on appeal, this Court stated that "[the d]efendant correctly points out that Section 30-22-3 requires an intent to obstruct the due execution of the law or . . . to intimidate, hinder[,] or interrupt a public officer in the legal performance of his duty." *Dawson*, 1999-NMCA-072, ¶ 15 (omission in original) (internal quotation marks omitted). Although the Court in *Dawson* ultimately held that there was substantial evidence to support a finding of the requisite intent, the facts and circumstances in the present case are significantly different. *See id.* ¶ 16.

{11} Here, the State presented no evidence that Defendant intended to intimidate, hinder, or interrupt Officer Jorgenson's investigation. In fact, the video presented at trial showed Defendant complying with Officer Jorgenson's instructions and showed that Defendant was told that she had a right to remain silent at least twice. Although the statute does not require the State to show that Defendant actively misled officers by providing a false name or otherwise disguising herself, Officer Jorgenson did testify that Defendant did not actively mislead the investigation. Officer Jorgenson

also testified that he discovered Defendant's driver's license during the inventory search of the vehicle and thus knew Defendant's identity before the vehicle was towed. Neither Officer Jorgenson nor any other witness offered testimony as to how the investigation was interrupted due to Defendant's silence. There was no testimony that the investigation would have been straightforward or any less hindered had Defendant provided the officers with her name or identification prior to being taken to the police station. As stated earlier, Officer Roman testified that Defendant provided her information upon arriving at the police station, and there was no evidence of administrative issues before, during, or after booking.

{12}    Although we decline to delve into Defendant's constitutional, due process, and fairness arguments, we do note that the fact that Officer Jorgenson twice told Defendant that she could be silent further undermines the State's position that Defendant intended to intimidate, hinder, or interrupt the officers' investigation by remaining silent. Officer Jorgenson's statements to Defendant regarding her rights, when considered in combination with the previously mentioned evidence, lead us to the conclusion that a rational fact-finder would not have been convinced that the evidence established Defendant intended to intimidate, hinder, or interrupt the officers' investigation. We agree with Defendant that her silence, after being told by Officer Jorgenson that she had a right to remain silent, is too ambiguous by itself to

8

sustain a finding of specific intent in this case. *See, e.g.*, *State v. Gutierrez*, 2007-NMSC-033, ¶ 12, 142 N.M. 1, 162 P.3d 156 (acknowledging the "dubious probative value of silence at the time of arrest, given its ambiguous nature" and recognizing that "[s]ilence in the face of accusation is an enigma and should not be determinative of one's mental condition just as it is not determinative of one's guilt" (internal quotation marks and citations omitted)); *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("[E]vidence from which a proposition can be derived only by speculation among equally plausible alternatives is not substantial evidence of the proposition." (internal quotation marks and citation omitted)). Without additional evidence of her specific intent, there is insufficient evidence to sustain Defendant's conviction for concealing identity.

{13}	Because the State failed to prove beyond a reasonable doubt that Defendant intended to intimidate, hinder, or interrupt the officers' investigation in the performance of their duties, we reverse.

**CONCLUSION**

{14}	For the foregoing reasons, we reverse the district court's judgment and remand the case with instructions to vacate it.

{15}	**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**STEPHEN G. FRENCH, Judge**